IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REALTOR ASSOCIATION OF WEST/SOUTH SUBURBAN CHICAGOLAND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06 C 2271 ) |
| CALUMET CITY, ILLINOIS, | ) ) |
| Defendant. | ) |

MEMORANDUM

As sheer chance would have it, on November 20--just two days before this Court had scheduled and held a status hearing to hone in on the question of potential mootness and related issues in this action--our Court of Appeals had occasion to weigh in on those very issues in <u>Ovadal v. City of Madison</u>, No. 05-4723, 2006 WL 3346152 (7th Cir. Nov. 20).[1] Here is the language from <u>Ovadal</u> (<u>id</u>. at *2) that makes precisely the same point that this Court expressed to the parties on November 22--language that might well have been written for this case:

> The Constitution gives the federal courts jurisdiction over "cases" and "controversies." U.S. Const. Art. III §2, cl. 1. When circumstances change during litigation such that there is no longer any case or controversy, the case is moot. <u>Powell v. McCormack</u>, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). If a defendant voluntarily ceases the behavior that is complained of, the case can be rendered moot "if subsequent events [make] it absolutely clear that the allegedly wrongful

---

[1] Neither counsel for the parties nor this Court were of course aware of the <u>Ovadal</u> decision--on November 22 this Court had not yet received the packet of Seventh Circuit's slip opinions for that week.

behavior could not reasonably be expected to recur." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc</u>. 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)(quoting <u>United States v. Concentrated Phosphate Exp. Ass'n</u>, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968)).

As the further discussion in <u>Ovadal</u> makes clear (<u>id</u>. at *3), the situation dealt with there contrasted sharply with that posed by this litigation, in which plaintiffs' counsel have identified some continuing instances of assertedly unconstitutional conduct by Calumet City personnel in violation of the existing August 8 injunction order despite the City's enactment of a new Point of Sale Inspection Ordinance. Hence the actual ruling on the mootness issue in <u>Ovadal</u> does not control here. Instead this Court's directive to the parties' counsel at the conclusion of the November 22 hearing remains appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 4, 2006

2